Nathan Dooley (SBN 224331)
Adam C. Bonin (*Pro hac vice*)
COZEN O'CONNOR
601 South Figueroa Street, Suite 3700
Los Angeles, California 90017
Telephone: 213.892.7900
Toll Free Phone: 800.563.1027
Facsimile: 213.892.7999

Attorneys for Plaintiffs
KOS MEDIA and MARKOS MOULITSAS ZUNIGA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOS MEDIA, LLC and MARKOS MOULITSAS ZUNIGA,<br><br>Plaintiffs,<br><br>vs.<br><br>RESEARCH 2000 AND DELAIR D. ALI,<br><br>Defendants. | Case No.: 3:10-cv-02894-MEJ<br><br>**DECLARATION OF ADAM C. BONIN IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Complaint filed: June 30, 2010 |

I, Adam C. Bonin, am an attorney of record in this action for Plaintiffs Kos Media LLC and Markos Moulitsas Zúniga, and declare as follows:

1. I am an attorney at law duly admitted to practice before this court *pro hac vice* and am an attorney of record for the Plaintiffs in this case. As such, I have personal knowledge of the files and pleadings in this matter as well as the facts stated herein. If called upon as a witness, I could and would competently testify thereto.

2. Defendants Research 2000, Inc., and Delair D. Ali, after having briefly appeared in this action, have seen their counsel withdraw from this matter and have not responded to the complaint within the time permitted by law.

3. Neither Defendant is an infant, incompetent person, or a person in military service or otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940.

4. The clerk has previously entered the default of said defendants on May 20, 2011 (Research 2000) and December 6, 2011 (Ali).

5. On December 6, I informed Defendants via email of Plaintiffs' intent to seek entry of default judgment. A true and correct copy of the email is attached hereto, made a part hereof, and marked Exhibit "A."

6. This action involves claims for breach of contract; unfair business practices pursuant to Cal. Bus. and Prof. Code §§ 17200 et seq.; breach of implied warranty; fraud and intentional misrepresentation; negligent misrepresentation; constructive fraud; and conversion relating to fraudulent and deceptive practices by Defendants in the provision of political polling contracted for by Plaintiffs for the DailyKos.com website. A true and correct copy of the Complaint is attached hereto, made a part hereof, and marked Exhibit "B".

7. As a result of the entry of the default, the allegations of the Complaint are deemed admitted.

8. Those allegations conclusively establish through rigorous statistical analysis and Defendants' subsequent conduct that Research 2000 and Delair Ali did not perform the weekly polls for Defendants which they were contracted to provide, instead fabricating data every week for more than a year while intentionally and

deceitfully representing to Plaintiffs that polling was being performed pursuant to the parties' agreement and the standards of the polling industry.

9. Instead, anomalies revealed by subsequent expert statistical analysis confirmed that the week to week male and female sub-samples on politicians' "favorable" ratings yielded a pattern of results the equivalent of obtaining 776 heads on 778 tosses of a "fair" coin, an event which should occur one in every $10^{228}$ (ten followed by 228 zeroes) times. Similarly, the week-to-week statistical variations claimed by Research 2000 could not have occurred randomly; the odds of its results occurring by chance were less than one in $10^{16}$, i.e. one in ten million-billion. The only logical conclusion is that their numbers were not generated by independent polling but by massive falsification of data.

10. Despite repeated promises, Defendants refused to provide Plaintiffs with any raw data which could verify that *any* polling was actually conducted.

11. In accordance with the parties' agreement, Plaintiffs had made payments to defendants totaling $105,000 for such polling. A true and correct spreadsheet detailing these payments is attached hereto, made a part hereof, and marked Exhibit "C".

12. These allegations establish Defendants' breach of contract; unfair business practices pursuant to Cal. Bus. and Prof. Code §§ 17200 et seq.; breach of implied warranty; fraud and intentional misrepresentation; negligent misrepresentation; constructive fraud; and conversion.

13. Because of Defendants' willful, intentional, and continuous fraud upon plaintiffs in affirmative misrepresenting the truth regarding its lack of actual polling operations, an award of exemplary damages is warranted under California law.  In an effort to simplify these proceedings as much as possible, Plaintiffs modestly seek an entry of exemplary damages equivalent to twice the amount of contractual damages.

11. Accordingly, default judgment should be entered against Defendants Research 2000 and Delair D. Ali in the amount of Three Hundred Fifteen Thousand Dollars and Zero Cents ($315,000.00).  Additionally, pre-judgment interest in the amount of $117,306.14 should be awarded.  That interest is calculated on the base amount of $315,00 over a period of beginning on November 22, 2008, and running until February 22, 2012 at a rate of 10% per annum, for a total pre-judgment interest claim of $101,921.92.  Thus, the total judgment sought, including prejudgment interest, is $416,921.92.[1]

I declare under penalty of perjury, pursuant to 28 *U.S.C.* § 1746, that the facts contained in this declaration are true and correct to the best of my knowledge, information and belief.

Executed this 21st day of February, 2012, in Philadelphia, Pennsylvania.

_____-/S/-_____
ADAM C. BONIN

---

[1] Should the Court decline to award punitive damages, the interest amount on a judgment of $105,000.00 would be $33,973,97, and thus the total award $138,837.97.